## IN RE GUARDIANSHIP OF BARTLETT DYSON v. LYDIA DYSON AND ANOTHER.

166 N. W. (2d) 101.

March 7, 1969—No. 41094.

*Bouschor & McNulty,* for appellant Lydia Dyson.

*Hammer, Weyl, Halverson & Watters* and *Gerald J. Brown,* for appellant St. Paul Fire & Marine Insurance Company.

*Eckman & Bissonett,* for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

This is an appeal by Lydia Dyson, guardian, and her surety, St. Paul Fire & Marine Insurance Company, from a judgment of the district court in an action relating to the allowance of the final account in the guardianship of Bartlett Dyson, husband of Lydia Dyson.

It appears that on July 30, 1962, Lydia was appointed guardian of her husband and continued to act as such until he was restored to capacity on December 15, 1964. In May 1963, after the husband returned from the institution to which he had been committed, the family relationship started to deteriorate and differences arose with reference to the money received and expended by the wife during the period of guardianship. As a result, this litigation followed. The allowance of the account was contested in probate court, and on appeal to the district court the guardian's account was surcharged in the amount of $4,797.59.

We do not deem it necessary to attempt to sort out and discuss the items of the account which are in dispute. It is sufficient to say that we do not find from the record that the wife acted in bad faith or that there was a serious breach of duty in the management of the guardianship. It was not until the husband returned home and the family relationship resumed

that the alleged irregularities occurred. The trial court found that Lydia's account should have shown total cash receipts of approximately $22,600, which, after deducting actual allowable disbursements of approximately $6,600, would leave the sum of $16,000 to be accounted for over the 28-month period. Assuming these findings to be valid, this would leave an approximate monthly income of $570 for family purposes. For 18 months of the time the guardianship existed, the husband was living in the home as an active participant in the domestic affairs of the family. During this time, his daughter was receiving a college education, and a new automobile, boat, motor, and trailer were acquired, all in addition to necessary living expenses. In view of the fact that there was no evidence in the record with relation to living expenses of the family during the period of guardianship, we are not satisfied that the assets of the ward's estate were so improperly diverted as to require the surcharge in the amount determined by the trial court. Moreover, the record would indicate that in the proceeding in district court Minn. St. 525.72 was not strictly adhered to. That section of the statute provides in part:

"After issues are so formed, the case may be brought on for trial by either party by the filing and service upon the attorney for the adverse party, or if he have none, then upon the clerk for him, of a notice of trial or note of issue, in accordance with the practice in the district court. Thereupon the cause shall be placed upon the calendar, tried, and determined in the same manner as if originally commenced in that court."

On the matter of a trial de novo, Mr. Justice Nelson said in Gabel v. Ferodowill, 254 Minn. 324, 338, 95 N. W. (2d) 101, 111:

"* * * It is therefore the function of the district court to try a cause on appeal from the probate court on the merits precisely as if it had been commenced in the district court. It is not the duty of the district court to determine whether the probate court abused its discretion since on the perfection of the appeal to the district court the conclusions reached by the probate court become immaterial."

We accordingly return the matter to the district court for a new trial. We are constrained to express the hope that the competent counsel who now represent the parties will make a good-faith effort to adjust the minor differences out of which this seemingly unnecessary litigation grows.

Reversed and remanded without costs or disbursements.